

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-08-266-CR

WILLIAM LESLIE NEAL                                                                          APPELLANT

V.

THE STATE OF TEXAS                                                                              STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant William Leslie Neal of sexual assault and assault–family violence and assessed his punishment at life imprisonment and ninety-nine years' confinement, respectively. The trial court sentenced him accordingly.

---

[1] See Tex. R. App. P. 47.4.

Neal's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967). Neal has filed a pro se brief in which he enumerates three potential sources of error—ineffective assistance of counsel, abuses of discretion by the trial court in the admission and exclusion of evidence and limitations on cross-examination, and alleged *Brady*[2] violations by the State.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, Neal's eighty-eight-page pro se brief, and an exhibit admitted solely as an offer of proof. We

---

[2] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963).

agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal.[3] *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State,* 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: MCCOY, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 31, 2009

---

[3]... We note that an ineffective assistance of counsel claim is usually best addressed by a postconviction writ of habeas corpus. *See Thompson v. State*, 9 S.W.3d 808, 813–14 & n.6 (Tex. Crim. App. 1999); *Ex parte Torres*, 943 S.W.2d 469, 475–76 (Tex. Crim. App. 1997); *see also* Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2009); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) ("In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions.").